**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**JOSÉ SALA-COLÓN, et al.,**

**Plaintiffs,**

**v.**

**FRANCISCO J. RIVERA-FERNÁNDEZ, et al.,**

**Defendants.**

**Civil No. 25-1098 (ADC)**

**ORDER**

Before the Court is a motion to dismiss filed by defendants Pariter Wealth Management Group LLC, Pariter Risk Management Inc., Pariter Advisors LLC, and Pariter Securities LLC (together, "Pariter defendants"). **ECF No. 58**. The plaintiffs in this case, José Sala-Colón, Melanie Rosselló-Wirshing, and the José M. Sala Colón Retirement Plan ("plaintiffs"), allege in their first amended complaint that the Pariter defendants and others committed federal securities fraud under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and under Rule 10b-5(b) of the Securities Exchange Commission, 17 C.F.R. § 240.10b-5(b) ("Count I"). *See* **ECF No. 50** at 25-29. They further allege that the Pariter defendants and others violated several Puerto Rico laws and regulations, thus committing fraud and breach of contract under Puerto Rico law ("Counts II-III"). *Id.*, at 29-35.[1] Plaintiffs sought monetary damages for certain

[1] The fourth, fifth, and sixth causes of action respectively seek to extend liability to certain corporate defendants and certain individual defendants' conjugal partnerships ("Count IV"), an award of punitive damages under the 2020

investment and loan-related losses, as well as rescission, disgorgement, attorney's fees and costs, and punitive damages to the tune of several million dollars. *Id.*, at 37-38. The Court's jurisdiction is premised on federal question jurisdiction under 28 U.S.C. § 1331, and the plaintiffs ask the Court to exercise supplemental jurisdiction over the Puerto Rico law claims under 28 U.S.C. § 1367. *Id.*, at 2.

The Pariter defendants moved to dismiss the complaint for, among other things, failure to state a claim, failure to join an indispensable party, and failure to plead securities fraud with particularity. **ECF No. 58**. In relevant part, the Pariter defendants argued that all of plaintiffs' claims against them were time-barred under both federal and Puerto Rico law. **ECF No. 58** at 4-10. The Court referred the motion to United States Magistrate Judge Marcos E. López for a Report and Recommendation ("R&R") pursuant to Fed. R. Civ. P. 72. **ECF No. 63**. Plaintiffs later filed their opposition to the motion. **ECF No. 64**. The Pariter defendants filed a reply. **ECF No. 82**. Plaintiffs then filed a sur-reply. **ECF No. 85**.[2]

The Magistrate Judge issued his R&R on March 13, 2026. **ECF No. 87**. In it, he recommends granting the Pariter defendants' motion to dismiss, concluding, among other things, that plaintiffs' federal law claim under 15 U.S.C. § 78(j)(b) and Rule 10b-5(b) for securities

Puerto Rico Civil Code ("Count V"), and costs and attorney's fees under the Puerto Rico Rules of Civil Procedure ("Count VI"). **ECF No. 50** at 35-37.

[2] Plaintiffs filed a joint opposition and sur-reply to two motions: the motion to dismiss filed by the Partier defendants (at issue here) and another by other certain codefendants who sought to compel arbitration or dismiss. *See* **ECF Nos. 53, 58, 64, 85**. The Court recently granted the request to compel arbitration as to certain codefendants. **ECF No. 91**.

fraud was time-barred. *Id.*, at 7-8. He recommends its dismissal with prejudice. *Id.*, at 19. He further analyzed the sufficiency of plaintiff's Puerto Rico law claims, concluding that the fraud claim was time-barred but that the breach of contract claim was not, and he further concluded that the latter survived the Pariter defendants' sufficiency challenge. *Id.*, at 8-14, 16-17. In addition, the Magistrate Judge determined that there was no private right of action under the Puerto Rico Banking Act and that punitive damages were unavailable to plaintiff under the prevailing Puerto Rico law. *Id.*, at 14-15. That left alive only the Puerto Rico law breach of contract claim.

While the above analysis fully dealt with the challenges raised by the motion to dismiss, the Magistrate Judge ventured an additional observation. At the end of his R&R, he recommended that, notwithstanding the viability of the Puerto Rico law breach of contract claim, the Court should decline to exercise supplemental jurisdiction over it under 28 U.S.C. § 1367 because the only federal claim in the amended complaint is time-barred. *Id.*, at 18-19. He thus recommended the breach of contract claim be dismissed without prejudice. *Id.*, at 19. That recommendation caused the Pariter defendants to object to the R&R. **ECF No. 93**. Plaintiffs did not object to the R&R and opposed the Pariter defendants' objection. **ECF Nos. 90, 96.**[3]

[3] Any party adversely affected by the recommendation issued may file written objections within fourteen (14) days of being served with the report and recommendation. Fed. R. Civ. P. 72(b). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop,* 389 F. Supp. 2d 189, 191–92 (D.P.R. 2005) (citing *United States v. Raddatz,* 447 U.S. 667, 673 (1980)). The Court, however, "is not required to make separate findings of fact or issue an opinion setting forth its own reasoning." *United States v. Bach*, 388 F. App'x 2 (1st Cir. 2010) (citing *Jonco, LLC v. ALI, Inc.*, 157 F.3d 33, 35 (1st Cir. 1998)).

Briefly, the Pariter defendants object to the recommendation that the Court dismiss the breach of contract claim without prejudice because doing so after the Magistrate Judge determined that the claim was not time-barred would be, in effect, an exercise of jurisdiction where none should lie. **ECF No. 93** at 3-4. In other words, the Pariter defendants fear that, by adopting the R&R as is, the Court would be adjudicating the merits of their statute of limitations defense to their detriment. A dismissal without prejudice would leave plaintiffs free to reassert their breach of contract claim in a future case, but would preclude the Pariter defendants from raising any time-bar defense, it already having been adjudicated by this Court.

That is not an unreasonable assumption. The Magistrate Judge, while thorough in all of his conclusions, should have analyzed the question of the Court's supplemental jurisdiction after determining that the sole federal cause of action was time barred; that is, before reaching the timeliness of the Puerto Rico law claims. After all, no other basis for federal jurisdiction is present, and his rationale for dismissing the breach of contract claim without prejudice applies with equal force to all the other Puerto Rico law claims. The Court agrees with the Pariter defendants that the recommended disposition would result in adjudicating the merits of claims over which this Court should abstain from exercising jurisdiction.[4] Accordingly, that recommendation must be rejected.

[4] In hindsight (which is always 20/20), the ideal way to proceed would have been for the Magistrate Judge to first adjudicate the statute of limitations challenge against the federal claim, then analyze the propriety of exercising supplemental jurisdiction over the remaining Puerto Rico law claims, and only after that, for good measure and in full discharge of his duties, report on the merits of the remaining challenges to the Puerto Rico law claims as an alternative disposition for the Court to consider. The Court nonetheless appreciates the thoroughness of the R&R.

This determination, however, applies for all Puerto Rico law claims analyzed in the R&R, not just the breach of contract claim. Accordingly, the Magistrate Judge's recommendation that the fraud claim, the claim under the Puerto Rico Banking Act, and the punitive damages claim all be dismissed with prejudice is also rejected.

Consequently, the R&R at **ECF No. 88** is **ADOPTED IN PART, REJECTED IN PART**. The Court hereby **ADOPTS** the recommendation to dismiss **WITH PREJUDICE** the federal law claim against the Pariter defendants (Count I), but **REJECTS** the recommendation to dismiss with prejudice any other Puerto Rico law claims (Counts II through IV). Those shall be dismissed **WITHOUT PREJUDICE**. The motion to dismiss at **ECF No. 58** is thus **GRANTED**.

Further, according to the record, defendant Francisco J. Rivera-Fernández has not yet appeared in this case and has not been served with process after the complaint was amended. *See* **ECF Nos. 73, 86**. Plaintiffs are **ORDERED** to inform the Court whether they intend to prosecute their claims against him or voluntarily dismiss them without prejudice, Fed. R. Civ. P. 41(a)(1)(A)(i), or in the alternative, **SHOW CAUSE** why the Court should not dismiss those claims without prejudice for failure to serve process within the time limit established in Fed. R. Civ. P. 4(m). **<u>Compliance is due by May 20, 2026</u>**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 12th day of May, 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**